**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JASON S. FASS,<br>          Appellant, | DOCKET NUMBER<br>DE-0752-17-0441-I-2 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>          Agency. | DATE: March 29, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

James R. Tanner, Esquire, Tooele, Utah, for the appellant.

Dustin W. Smith, Esquire, Hill Air Force Base, Utah, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision that sustained his removal from the agency for various acts of misconduct and found that he did not prove any of his affirmative defenses. For the reasons discussed below, we GRANT IN PART and DENY IN PART the appellant's petition for review. We AFFIRM the following holdings from the initial decision: (1) the agency proved the charges of careless performance of duties and disregard of a

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

directive; (2) a sufficient nexus exists between these charges and the efficiency of the service; (3) the appellant failed to prove his due process violation claims that the administrative judge addressed in the initial decision; and (4) the appellant did not prove his harmful procedural error affirmative defense. We VACATE the initial decision's findings related to (1) the lack of candor charge, (2) whether the appellant made protected whistleblowing disclosures, (3) the analysis of the factors set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), and (4) the penalty determination. We FIND instead that (1) the agency failed to prove the lack of candor charge, and (2) the appellant proved that he made whistleblowing disclosures that were a contributing factor in the removal action. Finally, we REMAND this appeal to the Denver Field Office to (1) conduct a new *Carr* factor analysis and render a new conclusion on whether the agency met its burden of proving by clear and convincing evidence that it would have removed the appellant in the absence of his whistleblowing disclosures, (2) address the appellant's remaining due process violation claims, and (3) reassess the reasonableness of the penalty.

## BACKGROUND

The appellant worked as a General Schedule grade 11 Air Traffic Control Specialist (Terminal) at the agency's Hill Air Force Base in Utah. *Fass v. Department of the Air Force*, MSPB Docket No. DE-0752-17-0441-I-1, Initial Appeal File (IAF), Tab 9 at 13. In this position, the appellant supported the 75th Operations Support Squadron, trained Air Traffic Controllers, and served as a Watch Supervisor in the flight control tower at the base (Hill Tower). Hearing Testimony (HT) (testimony of the appellant); *Fass v. Department of the Air Force*, MSPB Docket No. DE-0752-17-0441-I-2, Appeal File (I-2 AF), Tab 4, Initial Decision (ID) at 2. On May 5, 2017, the agency proposed the appellant's removal under chapter 75 of Title 5 of the U.S. Code, alleging three charges of

misconduct (careless performance of duties, disregard of a directive, and lack of candor). IAF, Tab 12 at 12-14.

Regarding the careless performance of duties charge, the agency alleged that the appellant failed to maintain situational awareness of air traffic operations on March 15, 2017, when he allowed a local controller that he was training in Hill Tower to clear a military aircraft (RAID92) for takeoff without providing RAID92 instructions to remain outside of Salt Lake City International Airport's Class B controlled airspace.[2] *Id.* at 12. As a result, the appellant was unaware that RAID92 then entered Class B controlled airspace without clearance. *Id.* In the disregard of a directive charge, the agency alleged through three specifications that the appellant failed to follow agency policy or instructions when he did not maintain headset use during training, did not properly notify management of the RAID92 incident, and failed to enter the RAID92 incident into the daily log. *Id.* at 12-13. In the lack of candor charge, the agency alleged through three specifications that the appellant gave incorrect or incomplete information about the RAID92 incident. *Id.* at 13.

After the appellant provided written and oral replies to the proposed removal, the deciding official sought written statements from witnesses who were in Hill Tower during the RAID92 incident, along with the March 2017 Air Traffic Control Operations Schedule. IAF, Tab 9 at 44-79. The deciding official provided the appellant with these statements and schedule and gave him an additional opportunity to provide an oral and/or written reply. *Id.* at 44-45. The appellant then provided additional oral and written replies. *Id.* at 17-43. Subsequently, the deciding official upheld each of the specifications and charges and removed the appellant, effective August 25, 2017. *Id.* at 13-14.

---

[2] The control tower at Salt Lake City International Airport was responsible for Class B controlled airspace above 7,000 feet, which was subject to high aircraft traffic, mostly from passenger planes departing from and landing at Salt Lake City International Airport. HT (testimony of the appellant, the proposing official, the appellant's second-line supervisor, and the deciding official); ID at 11 n.2.

On September 22, 2017, the appellant filed a Board appeal contesting his removal, while also raising the affirmative defenses of reprisal for whistleblowing disclosures, due process violations, and harmful procedural error. IAF, Tab 1, Tab 16 at 4-20, Tab 25 at 11-17, Tab 28 at 4. A 4-day hearing was held.[3] IAF, Tabs 31, 33, 37, 39. At the conclusion of the hearing, the administrative judge dismissed the appeal without prejudice, with an automatic refiling date, in order for the parties to review the hearing record and submit closing briefs. IAF, Tab 41 at 1-2. Following the refiling, the administrative judge issued an initial decision finding that the agency proved the charges and upheld the removal. ID at 10-19, 24-27. The administrative judge also determined that the appellant failed to meet his burden of proving any of his affirmative defenses. *Id.* at 19-24.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition, and the appellant has filed a reply to the agency's response. PFR File, Tabs 4-5.

## ANALYSIS

In an appeal before the Board of a removal taken under 5 U.S.C. chapter 75, an agency bears the burden to prove by preponderant evidence the charged misconduct, a sufficient nexus between the charge and the efficiency of the service, and the reasonableness of the imposed penalty. *Pope v. U.S. Postal Service*, 114 F.3d 1144, 1147 (Fed. Cir. 1997); *see* 5 U.S.C. §§ 7513(a), 7701(c)(1)(B).

---

[3] The first 2 days of the hearing were held in-person and the final 2 days were held telephonically. ID at 1. Telephonic testimony was taken from multiple witnesses, notably the appellant and the deciding official. IAF, Tab 38. The Board has held that, with certain limitations not relevant here, an appellant is entitled to an in-person hearing but may avail himself of the opportunity for a telephonic hearing in lieu of an in-person hearing. *McGrath v. Department of Defense*, 64 M.S.P.R. 112, 115 (1994). The appellant made no argument before the administrative judge, or on review, that the decision to hold the telephonic portion of the hearing was done over his objection. To the contrary, the evidence shows that the appellant agreed to such a decision. IAF, Tab 30 at 1, Tab 35 at 4.

Charges of misconduct

Upon review, we find that the administrative judge appropriately found in the initial decision that the agency proved the charges of careless performance of duties and disregard of a directive and that a sufficient nexus exists between both of these charges and the efficiency of the service.[4]  ID at 10-17, 24-25. The appellant's arguments on review disputing these findings, including that he was on an authorized break during the RAID92 incident, essentially mirror those that he set forth before the administrative judge.  I-2 AF, Tab 1 at 7-28; PFR File, Tab 1 at 5-13.  However, we discern no reason to disturb the administrative judge's findings on these matters, as they are supported by the evidence, the inferences are appropriate, and the credibility determinations are well-reasoned.  *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).  Thus, the initial decision is affirmed as to the findings on these two charges and their nexus to the efficiency of the service.[5]

---

[4] The administrative judge did not sustain the portion of the careless performance of duties charge pertaining to the appellant failing to ensure that the trainee under his supervision reminded RAID92 prior to takeoff to remain outside of controlled airspace. ID at 12-13.  Further, the administrative judge did not consider specification 2 of the disregard of a directive charge, which alleged that the appellant failed to notify management of the RAID92 incident, because the specific misconduct was not clearly set forth in the proposal.  ID at 15 n.6.  Neither party disputes these findings on review, and we find no reason to disturb them.  Even though we affirm the administrative judge's decision not to sustain these specifications, the administrative judge still properly found that the agency proved the careless performance of duties and disregard of a directive charges.  *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (holding that where more than one event or factual specification support a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

[5] The appellant's argument relating to the impropriety of the agency charging him with unacceptable performance is misplaced, as unacceptable performance is not one of the charges in this removal action.  IAF, Tab 12 at 12-14; PFR File, Tab 1 at 9-10.

The lack of candor charge consists of three specifications. The first specification alleged that during a conversation with Salt Lake City International Airport's control tower, the appellant mischaracterized statements that Hill Tower made to RAID92 and also failed to advise that Hill Tower made two transmissions to RAID92 after the plane entered Class B controlled airspace. IAF, Tab 12 at 13. The second specification alleged that the appellant failed to inform his supervisor of all pertinent details regarding the RAID92 incident when they spoke shortly after it occurred. *Id.* The final specification alleged that the appellant, when questioned days later by management, provided incorrect information regarding RAID92's altitude and location during the incident. *Id.*

In his decision to sustain specifications 1 and 2 of the lack of candor charge and the charge itself, the administrative judge assessed the appellant's alleged misconduct to see if the agency proved that his statements were "less than candid, truthful, accurate, or complete, and involved deception."[6] ID at 8, 17-18. We agree with the appellant's argument on review that the administrative judge committed an error by applying a broader definition of lack of candor and not the elements for the charge that are set forth in *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330 (2016). PFR File, Tab 1 at 14. In *Fargnoli*, 123 M.S.P.R. 330, ¶ 17, the Board detailed that lack of candor requires proof of two elements: (1) the employee gave incorrect or incomplete information, and (2) he did so knowingly. When an agency affixes a labeled charge to the alleged misconduct, as was done in the appellant's case, it must prove the elements that make up the legal definition of the charge. *Hollingsworth v. Department of the Air Force*, 121 M.S.P.R. 397, ¶ 4 (2014). Thus, in order to meet its burden in proving that the appellant lacked candor, the agency must meet the standard from *Fargnoli*.

We agree with the administrative judge that the appellant provided incorrect and incomplete information as set forth in specifications 1 and 2 of the

---

[6] The administrative judge did not uphold a portion of specification 1 and the entirety of specification 3 of the lack of candor charge. ID at 18-19. Neither party disputes these findings on review, and we discern no error in this regard.

charge. ID at 17-18. We also concur with the administrative judge's finding that the evidence shows that the appellant lacked "actual knowledge" that the information that he was providing was incorrect and/or incomplete. *Id.* When applying these determinations, in conjunction with the standard as set forth in *Fargnoli*, we find that the agency failed to prove these specifications and charge by preponderant evidence because the appellant did not knowingly provide incorrect or incomplete information, which is a necessary element to prove in order for a lack of candor charge to be upheld. Therefore, we find that the agency did not prove the lack of candor specifications or charge.

## Affirmative defenses

In an appeal of a removal before the Board, an appellant bears the burden to prove his affirmative defenses by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(C). In this appeal, the appellant raised the affirmative defenses of reprisal for whistleblowing disclosures, due process violations, and harmful procedural error. IAF, Tab 16 at 4-20, Tab 25 at 11-17, Tab 28 at 4. In the initial decision, the administrative judge found that the appellant did not meet his burden in proving any of his affirmative defenses. ID at 19-24.

### *Whistleblower reprisal*

The appellant alleged that the agency's decision to remove him was taken in reprisal for whistleblowing disclosures that he made. IAF, Tab 16 at 4-20, Tab 25 at 11-12; HT (testimony of the appellant). An adverse or performance-based action appealable to the Board, such as a removal, may not be sustained if it is shown "that the decision was based on any prohibited personnel practice described in [5 U.S.C. §] 2302(b)." 5 U.S.C. § 7701(c)(2)(B). Among other things, section 2302(b)(8) prohibits reprisal against an employee for making a whistleblowing disclosure, while section 2302(b)(9) prohibits reprisal for engaging in protected activity. In order to prevail on the merits of this claim, an appellant must prove by preponderant evidence that he made a whistleblowing

disclosure as described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action outlined in 5 U.S.C. § 2302(a).  5 U.S.C. § 1221(e)(1); *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 12 (2015).  If an appellant meets his burden, then the Board shall order corrective action unless the agency shows by clear and convincing evidence that it would have taken the same personnel action in the absence of the whistleblowing disclosure and/or protected activity.  5 U.S.C § 1221(e)(2); *Ayers*, 123 M.S.P.R. 11, ¶¶ 12, 27.

In the initial decision in this case, the administrative judge determined that the appellant failed to establish that he made a whistleblowing disclosure.[7] ID at 20-21.  The administrative judge found in the alternative that even if the agency perceived the appellant as a whistleblower, it proved by clear and convincing evidence that it did not remove him based on such a perception.[8] ID at 21-22.

Protected whistleblowing takes place when an appellant makes a disclosure that he reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety.  5 U.S.C.

---

[7] The appellant does not allege that he engaged in protected activity as described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).

[8] An appellant who is perceived as a whistleblower by an agency is still entitled to the protection of the whistleblower protection statutes, even in the absence of a whistleblowing disclosure.  *King v. Department of the Army*, 116 M.S.P.R. 689, ¶ 6 (2011).  It does not appear that the appellant ever advanced a claim that the agency perceived him as a whistleblower, so the administrative judge's consideration of this alternative argument was likely a typographical or administrative error that did not prejudice the appellant.  IAF, Tab 16 at 4-20, Tab 25 at 11-12; I-2; AF, Tab 1 at 36-44; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).  Nevertheless, as discussed further herein, because we have found that the appellant proved that he made whistleblowing disclosures that contributed to his removal, an assessment of whether the agency met its clear and convincing burden is necessary.

§ 2302(b)(8)(A); *DeLeonardo v. Equal Employment Opportunity Commission*, 103 M.S.P.R. 301, ¶ 6 (2006). An appellant need not show that the matter disclosed actually established a violation or other situation as described in 5 U.S.C. § 2302(b)(8)(A). *DeLeonardo,* 103 M.S.P.R. 301, ¶ 6. Instead, an appellant must prove that the matter disclosed was one which a reasonable person in his position would believe evidenced any of the situations set forth in 5 U.S.C. § 2302(b)(8). *Id.* The proper test for determining whether an appellant had a reasonable belief that his disclosures revealed misconduct prohibited under the whistleblower protection statutes is whether a disinterested observer, with knowledge of the essential facts known to and readily ascertainable by an appellant, could reasonably conclude that the disclosure describing the actions of the government evidences wrongdoing as defined in 5 U.S.C. § 2302(b)(8). *Id.* (citing *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999)).

The appellant's disclosures consisted of multiple conversations that he had with officials in his supervisory chain between April 2016 and May 2017 wherein he expressed concerns with the delay in training of military personnel to serve as Air Traffic Control Specialists. IAF, Tab 16 at 5-6, 16-17; Tab 25 at 11-12; HT (testimony of the appellant). We disagree with the administrative judge's finding in the initial decision that these disclosures were not protected and were merely expressions of policy disagreements. ID at 20. A reasonable person in the appellant's position, an Air Traffic Control Specialist with over a decade of experience who also served as a Watch Supervisor, would conclude that the appellant's disclosures evidenced, among other things, a substantial and specific danger to public health and safety, as the delays in training purportedly had negative impacts on the staffing of Hill Tower, the fatigue of controllers, and the safety of air traffic control at the base. IAF, Tab 16 at 5, 16. To further support that such belief was reasonable, the appellant's second-line supervisor, to whom he made some of the whistleblowing disclosures, testified that the issues raised by the appellant had merit. HT (testimony of the appellant's second-line supervisor).

Other witnesses testified that the delays in training were a common concern at the base. HT (testimony of the appellant's first-line supervisor, J.H.). As a result, we vacate the administrative judge's finding in the initial decision on this matter and find instead that the appellant proved by preponderant evidence that he made whistleblowing disclosures.

One way for an appellant to prove that a whistleblowing disclosure was a contributing factor in a personnel action[9] is the knowledge/timing test, which includes evidence that the official taking the action knew of the disclosure and that the action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the decision to take the contested action. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 18 (2015). Here, the appellant began making whistleblowing disclosures to his supervisors in April 2016, culminating in a disclosure made to the deciding official on May 4, 2017. IAF, Tab 16 at 6, 16-17. The agency proposed the appellant's removal on May 5, 2017. IAF, Tab 12 at 12-14. The deciding official issued his decision removing the appellant on August 25, 2017, which was less than 4 months after he made a whistleblowing disclosure to him. IAF, Tab 9 at 14, Tab 16 at 17. Given this short period of time, a reasonable person could conclude that the appellant's whistleblowing disclosures had an impact on the agency's decision to remove him. Thus, the appellant satisfied the knowledge/timing test. *See Ontivero v. Department of Homeland Security*, 117 M.S.P.R. 600, ¶¶ 22-23 (2012) (holding that because the responsible agency official knew of the appellant's disclosures and only 4 months elapsed between the disclosures and the personnel action, the appellant satisfied the knowledge/timing test).

Because the appellant met his burden of proving that he made whistleblowing disclosures that were a contributing factor in the agency's

---

[9] The appellant's removal under chapter 75 is a personnel action as recognized under 5 U.S.C. § 2302(a)(2)(A)(iii).

decision to remove him, the analysis shifts to whether the agency proved by clear and convincing evidence that it would have taken the removal action despite the whistleblowing disclosures. *Ayers*, 123 M.S.P.R. 11, ¶ 12. In determining whether an agency meets its burden, the Board considers the relevant facts and circumstances, including (1) the strength of the agency's evidence in support of its action, (2) the existence and strength of any motive to retaliate on the part of agency officials involved in the decision, and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr*, 185 F.3d at 1323. The Board does not view the *Carr* factors as discrete elements; rather, they are weighed together to determine if the evidence is clear and convincing as a whole. *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 42 (2016).

The administrative judge analyzed the *Carr* factors in his alternate analysis and found that the agency proved by clear and convincing evidence that it did not remove the appellant based on any perception that he was a whistleblower. ID at 21-22. In doing so, the administrative judge determined that the evidence relevant to *Carr* factor 1 weighed in the agency's favor, particularly due to the fact that the agency met its burden in proving each of the charges of misconduct laid out in the proposal and that removal was within the tolerable limits of reasonableness. *Id.* at 21. Because on review we find that the agency did not prove the lack of candor charge, the strongest charge in support of removal, the evidence surrounding *Carr* factor 1 should be reevaluated. Further, in the analysis of *Carr* factor 2, the administrative judge found that because the deciding official was not involved in the training delay of military Air Traffic Control Specialists, he had little, if any, motivation to retaliate against the appellant for his whistleblowing disclosures. *Id.* Yet, it is undisputed that the deciding official was the military officer in charge of the 75th Operations Support Squadron at Hill Air Force Base during the relevant time period, and thus, was likely involved in the training of military personnel to work as Air Traffic

Control Specialists.  HT (testimony of the deciding official); *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1370 (Fed. Cir. 2012) ("[T]hose responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures, and even if they do not know the whistleblower personally, as the criticism reflects on them in their capacities as managers and employees.").  Lastly, when analyzing *Carr* factor 3, the administrative judge found that the comparators were not similarly situated because they did not lack candor like the appellant.  ID at 22.  Here, too, because we do not sustain the lack of candor charge, the administrative judge's analysis of *Carr* factor 3 needs to be revisited.

Therefore, we vacate the *Carr* factor analysis contained in the initial decision.  On remand, the administrative judge shall conduct a new *Carr* factor analysis consistent with this order and render a new conclusion on whether the agency met its burden of proving by clear and convincing evidence that it would have removed the appellant in the absence of his whistleblowing disclosures.  This may require the reopening of the record for additional argument and evidence on the matter.  *See Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 33 (2013) (ordering the administrative judge to analyze the *Carr* factors on remand due to the findings made on review).

*Due process violations*

A public employee has a property interest in his continued employment, meaning the Federal government, as an employer, cannot deprive an employee of such interest without due process.  *Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686, ¶ 7 (2014) (citing *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 538 (1985)).  As outlined by the Supreme Court, the essentials of due process in this context are notice of the reasons for discipline and an opportunity to respond.  *Loudermill*, 470 U.S. at 546.  Procedural due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence and the deciding official considers new and material

information; therefore, it is constitutionally impermissible to allow a deciding official to receive additional material information that may undermine the objectivity required to protect the fairness of the process. *Stone v. Federal Deposit Insurance Corporation,* 179 F.3d 1368, 1376 (Fed. Cir. 1999). The Board will consider the following factors, among others, to determine whether an ex parte contact is constitutionally impermissible: (1) whether the ex parte communication merely introduces "cumulative" information or new information; (2) whether the employee knew of the error and had a chance to respond to it; and (3) whether the ex parte communications were of the type likely to result in undue pressure upon the deciding official to rule in a particular manner. *Id.* at 1377.

Specifically, the appellant cites the following violations of his due process rights: (1) the deciding official did not provide him with the questions asked of witnesses when obtaining statements on the RAID92 incident; (2) the deciding official did not advise him of conversations that he had with other management officials regarding the charges of misconduct contained in the proposal; (3) the deciding official did not advise him that he considered an agreement between Salt Lake City International Airport and Hill Tower and an Air Force Instruction; and (4) the deciding official improperly considered the *Douglas* factors, without providing him notice of such consideration in his penalty determination. I-2 AF, Tab 1 at 44-46; PFR File, Tab 1 at 24-26.

In the initial decision, the administrative judge correctly determined regarding the first alleged due process violation that the failure to provide the appellant with the questions that the deciding official asked of the witnesses when obtaining statements on the incidents involved in the appellant's removal was not a due process violation. ID at 23-24. The questions were not new and material information, and in reaching his decision, the deciding official only considered the witnesses' responses, which he indisputably provided to the appellant. IAF, Tab 9 at 44-45. This finding is hereby affirmed.

However, the administrative judge did not address the appellant's other allegations of a due process violation. An initial decision must contain findings of fact and conclusions of law for the material issues presented in the record, along with the corresponding reasons or bases. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980); 5 C.F.R. § 1201.111(b). The administrative judge's failure to address these allegations is an error. As a result, on remand, the administrative judge should analyze these additional due process violation claims. *See Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 7 (2015) (remanding an appeal to adjudicate the appellant's affirmative defenses when the administrative judge failed to do so).

*Harmful procedural error*

The appellant argued that the agency committed harmful procedural error because the deciding official and other supervisors relevant to his removal were not certified Air Traffic Control Specialists, meaning they were not familiar enough with the mandates of the position to make informed decisions on the appellant's alleged misconduct. I-2 AF, Tab 1 at 46; PFR File, Tab 1 at 26-27. The Board may not sustain an agency's decision to impose an adverse action if an appellant shows harmful error in the application of the agency's procedures in arriving at that decision. 5 U.S.C. § 7701(c)(2)(A); *Doe v. Department of Justice*, 123 M.S.P.R. 90, ¶ 7 (2015). Harmful error cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Doe*, 123 M.S.P.R. 90, ¶ 7.

The administrative judge properly found in the initial decision that the appellant failed to prove this affirmative defense. ID at 22-23. We agree. The appellant did not cite to any requirement mandating that the deciding official or other involved supervisors in this case be certified Air Traffic Control Specialists. Notwithstanding, the administrative judge took into consideration the fact that the deciding official was not certified in this field when analyzing his

testimony and decision making on the careless performance of duties charge. ID at 23. Therefore, we affirm the initial decision's finding that the appellant failed to prove harmful procedural error in this regard.

Penalty determination

When the Board sustains fewer than all of the charges, as here, it may mitigate the penalty to the maximum reasonable penalty, so long as the agency has not indicated in either its final decision or in proceedings before the Board that it desires that a lesser penalty be imposed on fewer charges. *Spencer v. U.S. Postal Service*, 112 M.S.P.R. 132, ¶ 8 (2009). In this case, the deciding official stated that each charge standing alone warranted removal. IAF, Tab 9 at 14. However, a reevaluation of the penalty must be done to determine if removal was reasonable, especially due to the fact that lack of candor, the strongest charge in support of removal, is no longer a consideration.

There are a few issues relating to an assessment of the relevant factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), for the administrative judge to consider. For example, the deciding official testified that mitigating factors, such as the appellant's 12 years of Federal service, lack of a prior disciplinary history, and positive performance reviews, would have led him to demote the appellant instead of removing him. HT (testimony of the deciding official). However, the deciding official testified that he could not demote the appellant because Air Traffic Control Specialist positions are now filled by active military members, which the appellant is not. *Id.* It is not clear if the deciding official considered demotion to another non-Air Traffic Control Specialist position as an alternative sanction. Contrary to the administrative judge's holding in the initial decision, the Board has held that mitigation of a penalty can include demotion to a position for which an employee is qualified, even if it is a different position than the one the employee held when disciplined. ID at 25-26; *see, e.g.*, *Fischer v. Department of the Treasury*, 69 M.S.P.R. 614, 619 (1996) (finding that removal was unreasonable and mitigating the penalty to

a demotion to a nonsupervisory position with the least reduction in grade and a suspension). Moreover, it remains unclear whether the agency's apparent policy of how it fills Air Traffic Control Specialist positions, in the absence of any other information that the policy is dictated by statute or regulation, is an appropriate factor to consider under *Douglas.* Further, the deciding official's position that the appellant lacked rehabilitative potential, another *Douglas* factor, contradicts his position that he would have demoted the appellant to a nonsupervisory Air Traffic Control Specialist position had one been available. HT (testimony of the deciding official).

Regarding disparate penalties, when others engaged in similar misconduct, such as losing situational awareness in the control tower, the agency suspended their various certifications and required retraining, but did not subject the employees to chapter 75 adverse actions. IAF, Tab 25 at 40-41, Tab 26 at 26-29; HT (testimony of the appellant's first-line supervisor, P.S.). In addition, Board precedent now dictates that the relevant inquiry for assessing a claim of disparate penalties is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 14 (2022).

The administrative judge is in a better position to evaluate these factors, particularly in light of our conclusion to not sustain the lack of candor charge, which was the most serious charge. *See Downey v. Department of Veterans Affairs*, 119 M.S.P.R. 302, ¶ 14 (2013) (stating that the administrative judge was in the best position to resolve the reasonableness of the penalty). We therefore vacate the administrative judge's penalty analysis contained in the initial decision. On remand, the administrative judge should reassess the penalty consistent with this order. The administrative judge has discretion to reopen the record to take additional argument and evidence on this issue. *See Berkey v. U.S. Postal Service*, 38 M.S.P.R. 55, 58-59 (1988) (remanding an appeal to the administrative judge to reassess the penalty and noting that the parties shall be

allowed to present additional argument and evidence concerning the penalty on remand).

Issues with the hearing

In his petition for review, the appellant asserts that the administrative judge denied him a fair and impartial hearing pursuant to 5 C.F.R. § 1201.41(b) when he allowed the deciding official to serve as a technical representative to the agency attorney, to be present during the hearing testimony of all of the witnesses, and to testify after many of the agency's witnesses testified. PFR File, Tab 1 at 15-18. The appellant specifically alleges that (1) the deciding official's presence had a chilling effect upon the witnesses, many of who were subordinate in rank;[10] (2) the deciding official testified late in the hearing, and after observing the testimony of many of the witnesses, improperly refreshed his recollection; and (3) the deciding official's testimony effectively served as rebuttal to every witness that testified before him, as he had the opportunity to shape his testimony to directly respond to previous testimony that he heard. *Id.* at 17-18.

Under 5 C.F.R. § 1201.41(b), Board judges are to conduct fair and impartial hearings. When looking to the Board's guidance on this topic, sequestration of witnesses is the recommended practice; however, when a witness serves in a representative capacity, he should testify first without the opportunity to provide rebuttal testimony. Merit Systems Protection Board Judges Handbook, Chapter 10 at 50-51, 54. For reasons that are not clear, the deciding official testified on the third day of hearing, after many substantive witnesses, including the appellant, already testified. IAF, Tab 38 at 2. We agree with the appellant that this was an error.

However, the appellant has not submitted any evidence to substantiate his claim that he was denied a fair and impartial hearing. The appellant had an

---

[10] The deciding official's military rank is Lieutenant Colonel. IAF, Tab 9 at 14, 16; HT (testimony of the deciding official); ID at 2. A number of the witnesses at the hearing were active duty military. IAF, Tab 28 at 5.

opportunity to cross-examine the deciding official and question other witnesses to ascertain if the deciding official's presence had a chilling effect on them. The appellant also had the chance to question the deciding official on various matters to challenge his credibility. Therefore, while the administrative judge committed an error by allowing the deciding official to testify late in the hearing after serving as a technical representative, we find that such error did not impact the appellant's substantive right to a fair and impartial hearing. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

## ORDER

For the reasons discussed above, we affirm the following holdings of the initial decision: (1) the agency proved the charges of careless performance of duties and disregard of a directive; (2) a sufficient nexus exists between these charges and the efficiency of the service; (3) the appellant failed to prove the portion of his due process violation claims addressed by the administrative judge; and (4) the appellant did not prove his harmful procedural error affirmative defense. We vacate the initial decision's findings related to (1) the lack of candor charge, (2) whether the appellant made whistleblowing disclosures, (3) the *Carr* factor analysis, and (4) the penalty determination. We find instead that (1) the agency failed to prove the lack of candor charge, and (2) the appellant proved that he made whistleblowing disclosures that were a contributing factor to the removal action. Consistent with this order, we remand this case to the Denver Field Office to (1) conduct a new *Carr* factor analysis and render a new conclusion on whether the agency met its burden of proving by clear and convincing evidence that it would have removed the appellant in the absence of his whistleblowing

disclosures, (2) address the appellant's remaining due process violation claims, and (3) reassess the reasonableness of the penalty.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.